UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION,

UNITED STATES OF AMERICA,

v.                                              CASE NO. 8:15-CR-476-T-17JSS

ERNEST L. CHAMBLISS.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 59 | Motion to Suppress |
| Dkt. 60 | Motion to Strike ACCA Enhancement |
| Dkt. 68 | DVD |
| Dkt. 71 | Response |
| Dkt. 72 | Response |
| Dkt. 77 | Audio File |
| Dkt. 78 | Notice of Exhibits |
| Dkt. 81 | Report and Recommendation |

The Motion to Suppress and Motion to Strike ACCA Enhancement were referred to the assigned Magistrate Judge for a hearing, if necessary, and for a Report and Recommendation. The assigned Magistrate Judge conducted an evidentiary hearing on September 16, 2016, and has issued a Report and Recommendation in which it is recommended that the Motion to Suppress be granted in part and denied in part, and that the Motion to Strike be denied without prejudice.

Defendant Chambliss moved to suppress statements obtained from Defendant Chambliss during a custodial interrogation in Sarasota County Jail on November 24, 2015. Defendant Chambliss contends the statements were obtained in violation of Defendant Chambliss' Fifth Amendment right to remain silent, and in violation of Defendant Chambliss' Sixth Amendment right to the assistance of counsel. Defendant Chambliss contends that Defendant Chambliss did not make a knowing and voluntary waiver of Defendant's Miranda rights, or Defendant Chambliss' Sixth Amendment right

Case No. 8:15-CR-476-T-17JSS

to have an attorney present during the interrogation. Defendant Chambliss further argues that Defendant Chambliss' re-initiation of the interrogation was coerced; Defendant Chambliss relinquished Defendant's right to counsel because of the deception, cunning and coercion of ATF Agent Balos. Defendant Chambliss contends that any statement made by Defendant Chambliss during the interrogation of November 24, 2015 was obtained in violation of the Fifth and Sixth Amendment, must be suppressed, and excluded from evidence at the trial of this case.

In the Report and Recommendation, the assigned Magistrate Judge made Findings of Fact (Dkt. 81, pp. 1-6), identified applicable standards under the Fifth Amendment and Sixth Amendment, and applied those standards in reaching the recommendations.

I. Standard of Review

The District Court determines de novo any part of the Report and Recommendation that has been properly objected to. The District Court may accept, reject, modify in whole or in part the recommended disposition, may receive further evidence, or may recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. Sec. 636(b)(1); Fed. R. Civ. P. 72(b)(3). [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation. To the extent that the magistrate judge has made findings of fact based upon the testimony of witnesses heard before the magistrate judge, the district court is obligated to review the transcript or listen to the tape-recording of those proceedings. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

Case No. 8:15-CR-476-T-17JSS

III. Discussion

A. Motion to Suppress

The assigned Magistrate Judge has recommended that the Motion to Suppress be granted as to statements made by Defendant Chambliss before Agent Balos read Defendant Chambliss his Miranda rights. These statements include whether Defendant Balos had met Agent Balos before and where Defendant was from.

The assigned Magistrate Judge has recommended that the Motion to Suppress be denied as to Defendant Chambliss' statements after Defendant Chambliss was given Miranda warnings, but before Defendant Chambliss invoked his right to counsel. The assigned Magistrate Judge determined that Defendant Chambliss had confirmed that Defendant Chambliss understood his rights, and Defendant Chambliss' statements were not coerced.

The assigned Magistrate Judge has further recommended that the Motion to Suppress be denied as to Defendant Chambliss' statements made after Defendant Chambliss invoked his right to counsel. The assigned Magistrate Judge concluded that Agent Balos did not question Defendant Chambliss prior to Defendant Chambliss' waiver of his rights to remain silent and consult with an attorney. The Court further found that Agent Balos did not coerce Defendant Chambliss into re-initiating the interrogation, and Defendant Chambliss' waiver of his right to counsel and to remain silent was knowing and intelligent under the totality of the circumstances.

Defendant Chambliss has not filed objections to the Report and Recommendation. The Court has reviewed the pleadings and the record. After consideration, the Court adopts the Report and Recommendation, and incorporates it by reference.

B. Motion to Strike

The assigned Magistrate Judge recommended that the Motion to Strike be denied without prejudice, as it is premature at this stage.

Defendant Chambliss has not filed an objection to the Report and Recommendation. The Court has reviewed the pleadings and the record. After consideration, the Court adopts the Report and Recommendation, and incorporates it by reference. Accordingly, it is

**ORDERED** that the Report and Recommendation (Dkt. 81) is **adopted and incorporated by reference.** The Motion to Suppress (Dkt. 59) is **granted in part and denied in part**. The Motion to Suppress is **granted** as to statements Defendant Chambliss made prior to the time that <u>Miranda</u> warnings were given, and is otherwise denied. The Motion to Strike (Dkt. 60) is **denied without prejudice.**

**DONE and ORDERED** in Chambers in Tampa, Florida on this 17th day of October, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

4