UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION,

UNITED STATES OF AMERICA,

v.   CASE NO. 8:15-CR-476-T-17JSS

ERNEST L. CHAMBLISS.

_____/

ORDER

This cause is before the Court on:

Dkt. 94   First Motion in Limine, with attached
          Exhibit 1, Government's 404(b) Letter
Dkt. 103  Response

Defendant Chambliss moves in limine to preclude the United States from introducing evidence related to the alleged illegal sale of drugs by Defendant Chambliss and testimony that Defendant Chambliss is a drug dealer or makes his living selling drugs. The Government's 404(b) Letter includes several incidents that the Government intends to offer into evidence that may be considered evidence of other crimes, wrongs or acts pursuant to Fed. R. Ev. 404(b).

Defendant Chambliss is charged with a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g). Defendant Chambliss allegedly sold a firearm, a Hi-Point model C9, 9mm pistol, to CI Randy Hammond on April 16, 2015. Defendant Chambliss allegedly sold two pills of Dilaudid to CI Randy Hammond on April 16, 2015. The two transactions allegedly occurred on the same date inside Defendant Chambliss' residence. Defendant Chambliss has not been charged with possession or sale of illegal drugs in this case.

Defendant Chambliss notes that Fed. R. Ev. 404(b) makes evidence of a crime, wrong, or other act inadmissible to show that the individual acted in conformity with that

Case No. 8:15-CR-476-T-17JSS

trait. However, that evidence may be admissible for other purposes, including proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Defendant Chambliss further notes that "evidence of uncharged criminal activit[y]...is generally considered inadmissible extrinsic evidence under Rule 404(b)." See United States v. Jimenez, 224 F.3d 1243, 1249 (11th Cir. 2000).

Defendant Chambliss argues that the Government's 404(b) Letter does not specifically explain how the [drug] transactions help prove its case in chief without becoming a feature of the trial. The alleged gun sale and alleged drug sale were separate transactions, evidenced by the fact that Mr. Hammond allegedly made the payments in separate distinct piles. Defendant Chambliss argues that the prior drug transactions that Defendant Chambliss allegedly conducted are not alleged to be temporally close in time to the alleged gun sale here, and are not inextricably intertwined with the alleged gun transaction.

Defendant Chambliss further argues that, even if the Court deems the evidence admissible Rule 404(b) evidence, any probative value is far outweighed by the prejudicial effect the evidence would have, causing the jury to convict not for the offense charged, but for other crimes, acts or wrongdoings offered by the Government.

Defendant Chambliss requests that the Court order that the Prosecution not offer any evidence related to any alleged drug transactions conducted by Defendant Chambliss, as well as any testimony that Defendant Chambliss was a drug dealer or made a living selling drugs.

The Government opposes Defendant Chambliss' Motion in Limine. The Government argues that Defendant Chambliss' alleged sale of drugs to CI Hammond is inextricably intertwined with the facts surrounding the purchase of the firearm. For that reason, the alleged sale of drugs is not subject to Fed. R. Ev. 404(b), and Defendant's

Case No. 8:15-CR-476-T-17JSS

First Motion in Limine should be denied.

The Government notes that evidence of criminal activity *other than that charged in an indictment* may not be considered "extrinsic" under Rule 404(b), and can fall outside the scope of the rule. Evidence that is intrinsic to the crimes charged includes: 1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense; 2) evidence necessary to complete the story of the crime, or 3) evidence that is inextricably intertwined with the evidence of the charged offense. United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (internal citations omitted). Evidence not part of the crime charged but pertaining to the chain of events explaining the context, motive, and set up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or it forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); United States v. Jones, 2013 WL 5496797 (11th Cir. Oct. 4, 2013). "Evidence which is not Rule 404(b) evidence is excused from the notice requirement of Rule 404(b)." United States v. Roberts, 424 F. App'x 893, 896-97 (11th Cir. 2011).

The Government argues that evidence of Defendant Chambliss' sale of drugs is essential to prove the prior relationship Defendant Chambliss had with the CI, and the reason why the CI was used in the first place. The Government intends to elicit the following testimony at trial:

- The CI used illegal drugs, including prescription drugs;
- The CI purchased drugs from the defendant in the past;
- The CI learned the defendant had a gun for sale;
- The CI told law enforcement about this gun;

Case No. 8:15-CR-476-T-17JSS

- Law enforcement believed the defendant to be careful of who he dealt with;

- Because the defendant was careful, law enforcement believed that using an undercover officer to purchase the gun that the defendant had for sale was less likely to succeed than using the CI, whom the defendant already had a relationship with because of the defendant's drug dealing; and

- Because of undercover-recording issues when the CI bought the gun from the defendant, law enforcement had the CI return to the defendant's house a few days later to purchase drugs and to inquire about buying bullets from the defendant.

The Government argues that, in light of the above testimony, Defendant's sale of drugs is inextricably intertwined with the reason law enforcement executed the strategy above; it explains why it is credible that the CI learned that Defendant Chambliss had a gun for sale, and why Defendant Chambliss would sell that gun to the CI. Therefore, evidence of Defendant Chambliss' drug-dealing is not Rule 404(b) evidence. See United States v. McLean, 138 F.3d 1398, 1404 (11th Cir. 1998)(evidence prior to conspiracy inextricably intertwined because it "explained why McLean was the target of the government's investigation," and "explained the relationship between McLean and the confidential informant Barbara and was vital to establishing her credibility.").

The Government further argues that the CI purchased drugs from Defendant Chambliss on the same visit at which the CI bought the gun from Defendant, and within about an hour of purchasing the gun. The CI also purchased drugs from Defendant Chambliss during the follow-up visit in which the CI inquired whether Defendant Chambliss could help him acquire bullets.

The Government further argues that surveillance outside Defendant Chambliss' home detected significant traffic to and from Defendant's home, consistent with drug trafficking. Further, in part because of this traffic, numerous voices are heard on the CI's undercover recording, making the recording difficult to understand at times.

4

Case No. 8:15-CR-476-T-17JSS

Defendant's sale of drugs is necessary "to put a cohesive sequence of the crime before the jury." United States v. Wright, 392 F.3d 1269, 1276-77(11th Cir. 2004).

The Government argues that the probative value of Defendant Chambliss' drug-dealing is not "substantially outweighed by a danger of...unfair prejudice." Fed. R. Ev. 403.  The evidence that Defendant Chambliss seeks to exclude is highly probative for the reasons set forth above, and is not unduly prejudicial.  "Extrinsic drug offenses do not tend to incite a jury to an irrational decision."  United States v. Delgado, 56 F.3d 1357, 1366 (11th Cir. 1995).

The Government requests that the Court give a limiting instruction regarding Defendant Chambliss' drug-dealing, which will decrease any prejudice that Defendant Chambliss faces from the evidence of drug-dealing.

After consideration, the Court finds that evidence that Defendant Chambliss seeks to exclude is intrinsic evidence outside the scope of Fed. R. Ev. 404(b); the evidence is necessary to complete the story of the crime, and is inextricably intertwined with the evidence of the charged offense.   A limiting instruction may be requested at trial to reduce any prejudice to Defendant Chambliss. The Court  denies Defendant Chambliss' First Motion in Limine.  Accordingly, it is

**ORDERED** that Defendant Chambliss' First Motion in Limine (Dkt. 94) is **denied**. A limiting instruction may be requested at trial.

Case No. 8:15-CR-476-T-17JSS

**DONE and ORDERED** in Chambers in Tampa, Florida on this 23rd day of November, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record