UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:15-CR-476-T-17JSS

ERNEST L. CHAMBLISS.

_____/

ORDER

This cause is before the Court on:

Dkt. 93     First Motion in Limine
Dkt.        Response

The United States of America seeks to preclude evidence of its witnesses' convictions that are more than ten years old, arrests that did not lead to convictions, and all misdemeanor convictions.

Defendant Chambliss opposes the Motion in Limine in part. Defendant Chambliss does not object to the exclusion of misdemeanor convictions that do not involve crimes of dishonesty, but does object to the exclusion of other impeachment evidence. Defendant Chambliss requests that the Court not limit cross-examination for the listed witnesses, but allow Defendant Chambliss to cross-examine on the issues outlined below, along with those issues that the Government has conceded are admissible impeachment.

I. Standard of Review

A.     Limitation on scope of cross-examination

The appellate court reviews a district court's ruling on the limitation of the scope

Case No. 8:15-CR-476-T-17JSS

of cross-examination for abuse of discretion. See United States v. Maxwell, 579 F.3d 1282, 1295 (11th Cir. 2009).

The district court has discretionary authority to rule on the admissibility of evidence, including the power to limit cross-examination. The district court's discretion is limited by the requirements of the Sixth Amendment. A central function of the Sixth Amendment right to cross-examination is to expose the witness' motivation in testifying. Full cross-examination by defense counsel is especially critical when the witness sought to be questioned is the chief government witness. The right to cross-examination, however, is not unlimited. Once there is sufficient cross-examination to satisfy the Sixth Amendment's Confrontation Clause, further questioning is within the district court's discretion. See United States v. Garcia, 13 F.3d 1464, 1468 (11th Cir. 1994)(internal citations omitted).

The district court retains wide latitude to limit cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant. See Delaware v. Van Arsdall, 475 U.S. 673 679 (1986). The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of a witness's credibility had counsel pursued the proposed line of cross-examination. See United States v. Garcia, 13 F.3d 1464, 1469 (11th Cir. 1994).

B.   Fed. R. Ev. 609

Fed. R. Ev. 609 provides:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death

2

Case No. 8:15-CR-476-T-17JSS

or by imprisonment for more than one year, the evidence:

> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

This circuit has held that a presumption exists against the use of prior crime impeachment evidence over ten years old and that such convictions "will be admitted very rarely and only in exceptional circumstances." "In evaluating whether exceptional circumstances exist, 'the trial judge must consider whether the witness has already been impeached, and if so, the probative value of the prior conviction decreases accordingly.'" See United States v. Tisdale, 817 F.2d 1552, 1555 (11th Cir. 1987).

C.  Fed. R. Ev. 608

Fed. R. Ev. 608 provides:

3

Case No. 8:15-CR-476-T-17JSS

> (a) Reputation or Opinion Evidence. A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.
>
> (b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or
>
> (2) another witness whose character the witness being cross-examined has testified about.
>
> By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

Because of the extreme potential for unfair prejudice flowing from evidence of drug use, the Eleventh Circuit Court of Appeals has held that such evidence may properly be limited to "specific instances of drug use [during] relevant periods of trial and the transaction charged in the indictment." United States v. Holman, 680 F.2d 1340, 1353 (11th Cir. 1982); accord Jarrett v. United States, 822 F.2d 1438, 1446 (7th Cir. 1987)("A witness's use of drugs may not be used to attack his general credibility, but only his or her ability to perceive the underlying events and testify lucidly at the trial.")  Prior instances of drug use are not relevant to truthfulness for purposes of Fed. R. Ev. 608(b). See United States v. Rubin, 733 F.2d 827, 841-42 (11th Cir. 1984). See United States v. Sellers, 906 F.2d 597, 602 (11th Cir. 1990).

D.   Fed. R. Ev. 403

Fed. R. Ev. 403 provides:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence

When reviewing the district court's Rule 403 evidentiary ruling, an appellate court looks at the evidence in a light most favorable to its admission and minimizing its undue prejudicial impact.

Rule 403 is an extraordinary remedy that must be used sparingly because it results in the exclusion of concededly probative evidence. The "test under Rule 403 is whether the other acts evidence was dragged in by the heels solely for prejudicial impact." See United States v. U.S. Infrastructure, Inc., 576 F.3d 1195 1211 (11th Cir. 2009).

II. Witnesses for United States of America

A. Randy Hammond

The United States requests that the Court preclude cross-examination of witness Hammond concerning all of his arrests and convictions that are more than ten years old, pursuant to Fed. R. Ev. 403, 608 and 609. The United States argues that cross-examination of Hammond concerning his criminal history should be limited to his felony drug-possession conviction on October 31, 2016 in Case No. 582016CF009171; his breaking and entering conviction on November 4, 2013 (case number unknown); his larceny convictions on May 19, 2011, in Case Nos. 582011CF005004 and 582011CF001036; his convictions for trafficking in cocaine, possession of a controlled

Case No. 8:15-CR-476-T-17JSS

substance, fleeing or attempting to elude a LEO, driving with a revoked license (two convictions) on December 8, 2004, in Case Nos. 582004CF002417 and 582004CF000054.

The United States concedes that whether witness Hammond used drugs on or near important dates in this case, was paid for his work as a CI in this case, and has been paid for additional work as a CI, are proper topics for cross-examination. The United States argues that, in light of this additional impeachment and the convictions that the United States concedes are proper for impeachment, the evidence that the United States seeks to exclude is also cumulative under Fed. R. Ev. 403.

Defendant Chambliss argues that the Government did not include witness Hammond's conviction in Case No. 04CF00420; witness Hammond pled guilty to a violation of probation on 4 counts of possession of a controlled substance without a prescription; the date of Defendant's sentence was June 19, 2007; Defendant's Exhibit 1; Judgment and Commitment for Case No. 04000420F.

Defendant Chambliss further argues that witness Hammond was convicted in 2003 for possession of a controlled substance without a prescription in Case No. 03CF008129 and was convicted in 1998 for possession of cocaine in Case No. 97CF015617.

Defendant Chambliss argues that, while the above convictions are over ten years old and only add two more felony convictions, the above convictions show "continued recidivism and inability to abide by the law."

Defendant Chambliss further argues that witness Hammond is currently incarcerated at Sarasota County Jail related to new charges filed on or about November 10, 2016 for two counts of possession of controlled substances.

6

Case No. 8:15-CR-476-T-17JSS

Defendant Chambliss further argues that witness Hammond is also incarcerated for a violation of probation for failing to report to probation and failing to comply with all instructions given to witness Hammond by his probation officer.

Defendant Chambliss argues that the new arrest is probative because it goes to witness Hammond's continued drug use and his ability to recollect the events in this case. As to the violation of probation, Defendant Chambliss argues that it goes to witness Hammond's credibility with regard to witness Hammond's failure to follow directions.

Defendant Chambliss argues that Defendant Chambliss should be allowed to explore these avenues on cross-examination.

The Government has conceded that cross-examination is proper as to the following:

1. the felony drug-possession conviction on October 31, 2016 in Case No. 582016CF009171;

2. the breaking and entering conviction on November 4, 2013 (case number unknown);

3. the larceny convictions on May 19, 2011, in Case Nos. 582011CF005004 and 582011CF001036;

4. the convictions for trafficking in cocaine, possession of a controlled substance, fleeing or attempting to elude a LEO, driving with a revoked license (two convictions) on December 8, 2004, in Case Nos. 582004CF002417 and 582004CF000054.

The Government has conceded that whether witness Hammond used drugs on or near important dates in this case, was paid for his work as a CI in this case, and has been paid for additional work as a CI, are proper topics for cross-examination.

Case No. 8:15-CR-476-T-17JSS

After consideration, the Motion in Limine is **denied without prejudice** as to witness Hammond's additional convictions and current incarceration. The Court will evaluate the context during trial.

B. Stuart Rucker

The United States requests that the Court preclude cross-examination of witness Rucker concerning all of his arrests and convictions that are more than ten years old, pursuant to Fed. R. Ev. 403, 608 and 609. The United States argues that cross-examination of witness Rucker concerning his criminal history should be limited to his convictions for being a felon in possession of a firearm, on February 4, 2016, in Case No. 8:15-CR-442-T-23TBM; petit larceny on December 19, 2014, in Case No. 42201121, and possession of cocaine on March 12, 2008, in Case No. 2007CF5058.

The United States concedes that whether witness Rucker used drugs around the dates about which he will testify, and has a plea agreement with the United States with a provision that promises to consider witness Rucker's truthful testimony for the purposes of a substantial assistance reduction, are proper topics of cross-examination.

The United States argues that, in light of the additional impeachment, and the convictions that the United States concedes are proper for impeachment, the evidence that the United States seeks to exclude is also cumulative under Fed. R. Ev. 403.

Defendant Chambliss responds that the Government did not mention witness Rucker's May 13, 2015 convictions for petit theft and fraudulent use of a credit card in Case No. 14CF002229.

Defendant Chambliss argues that both convictions are misdemeanors but both are crimes of dishonesty or require proof of a dishonest act or false statement.

Case No. 8:15-CR-476-T-17JSS

Defendant Chambliss argues that nothing should prohibit Defendant Chambliss from using the two convictions for impeachment purposes.

The Government has conceded that cross-examination as to the following prior convictions is proper:

    1. the convictions for being a felon in possession of a firearm, on February 4, 2016, in Case No. 8:15-CR-442-T-23TBM;

    2. the conviction for petit larceny on December 19, 2014, in Case No. 42201121, and

    3. the conviction for possession of cocaine on March 12, 2008, in Case No. 2007CF5058.

The Government has further conceded that whether witness Rucker used drugs around the dates about which he will testify, and has a plea agreement with the United States with a provision that promises to consider witness Rucker's truthful testimony for the purposes of a substantial assistance reduction, are proper topics of cross-examination.

After consideration, the Court **denies** the Motion in Limine **without prejudice** as as to witness Rucker's May 13, 2015 misdemeanor convictions; the Court will evaluate the context during trial.

C. Karen Wilcox

The United States argues that witness Wilcox was arrested for delivering "spice," a marijuana synthetic; witness Wilcox blames Defendant Chambliss for this conviction, exhibiting bias against Defendant Chambliss, which is admissible impeachment. Witness Wilcox also claims that Defendant Chambliss held a gun to her head, and

Case No. 8:15-CR-476-T-17JSS

Witness Wilcox's bias against Defendant Chambliss Is admissible impeachment.

The United States argues that the above arrest [and conviction] and evidence of bias is sufficient impeachment, and any remaining impeachment is cumulative under Fed. R. Ev. 403.

The United States requests that the Court rule witness Wilcox's arrest, for which witness Wilcox is presumed innocent, and one conviction that is more than ten years old (about 30 years old) inadmissible. It is not clear to the Court what other arrests are pending.

Defendant Chambliss objects to the exclusion of witness Wilcox's conviction in 1985 for the purpose of impeachment. Witness Wilcox's 1985 conviction in Michigan was for a stolen vehicle, or larceny, which appears to be a felony conviction and a crime of dishonesty. Defendant Chambliss argues that the jury should be allowed to assess witness Wilcox based on her prior crime of dishonesty.

Defendant Chambliss further argues that the testimony of witness Wilcox is expected to be 404(b) evidence that Defendant Chambliss pointed a gun at witness Wilcox and may include testimony about Defendant Chambliss using or selling drugs. Defendant Chambliss argues that witness Wilcox's prior conviction is not cumulative evidence because witness Wilcox does not have any other convictions for a crime of dishonesty.

After consideration, the Court **denies** the Motion in Limine **without prejudice** as to witness Wilcox's other arrests, if any, and as to witness Wilcox's prior conviction in 1985; the Court will evaluate the context during trial.

Case No. 8:15-CR-476-T-17JSS

D. Mathew Huffman

The United States requests that the Court limit the cross-examination of witness Huffman.

The United States argues that witness Huffman has no convictions that are more than ten years old, and no convictions for crimes of dishonesty.

The United States concedes that witness Huffman's drug use surrounding the important events about which he will testify, and witness Huffman's 2016 felony convictions for Burglary (case number unknown) and possession of methamphetamine (Case No. 582026CF003129) are legitimate subjects of impeachment, but requests that the Court rule inadmissable witness Huffman's arrests and misdemeanor convictions, as cumulative, pursuant to Fed. R. Ev. 403.

Defendant Chambliss argues that witness Huffman has a prior conviction for a crime of dishonesty.  In Case No. 15-MM-016375, witness Huffman was adjudicated guilty of larceny on May 13, 2016.  Defendant Chambliss notes that the State of Florida previously withheld adjudication on December 15, 2015; the State of Florida reopened the case due to witness Huffman's violation of probation.

As to the Government's reference to a felony burglary conviction for witness Huffman in 2016, Case Number unknown, Defendant Chambliss notes that the State of Florida reduced that charge to a misdemeanor trespassing charge.

After consideration, the Court **denies** the Motion in Limine **without prejudice** as to witness Huffman's prior conviction on May 13, 2016.  Accordingly, it is

11

Case No. 8:15-CR-476-T-17JSS

**ORDERED** that the Motion in Limine (Dkt. 93) is **granted in part and denied in part**. The Motion in Limine is **granted** as to misdemeanor convictions that do not involve crimes of dishonesty. The Motion in Limine (Dkt. 93) is **denied without prejudice** as follows:

Randy Hammond

witness Hammond's conviction in Case No. 04CF00420;
witness Hammond's conviction in 2003 for possession of
a controlled substance without a prescription in Case No. 03CF008129;
witness Hammond's conviction in 1998 for possession of cocaine in Case No. 97CF015617;
witness Hammond's current incarceration;

Stuart Rucker

witness Rucker's May 13, 2015 convictions;

Karen Wilcox

witness Wilcox's other arrests;
witness Wilcox's prior conviction in 1985;

Mathew Huffman

witness Huffman's prior conviction on May 13, 2016.

The Court will evaluate the context of the above as to each witness during trial.

Case No. 8:15-CR-476-T-17JSS

      **DONE and ORDERED** in Chambers in Tampa, Florida on this 28th day of November, 2016.

                                        ELIZABETH A. KOVACHEVICH
                                        United States District Judge

Copies to:
All parties and counsel of record