UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION,

UNITED STATES OF AMERICA,

v.                                          CASE NO.  8:15-CR-476-T-17JSS

ERNEST CHAMBLISS.

_____/

ORDER

This cause is before the Court on:

Dkt. 138      Motion for New Trial
Dkt. 141      Opposition

Defendant Ernest Chambliss moves for a new trial, asserting that: 1) the trial court erred in refusing to charge the jury on the entrapment defense; 2) the trial court erred in denying Defendant Chambliss's motion in limine to exclude evidence of drug transactions; c) the Government's failure to provide timely disclosure of the confidential informant's suitability assessment impeded Defendant's pretrial preparation and denied Defendant a fair trial.


The Government opposes Defendant Chambliss's Motion for New Trial.  The Government argues that, at or before trial, Defendant Chambliss sought an entrapment instruction, sought to exclude testimony regarding Defendant's prior dealing of drugs, and sought a mistrial because of when CI-related discovery was turned over.  The Government argues that the Court heard argument on all three issues, and ruled against Defendant Chambliss, who now seeks to resurrect these issues in his Motion for New Trial.

Case No. 8:15-CR-376-T-17JSS

I.  Standard of Review

Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  See Fed. R. Crim. P. 33(a).   Granting a new trial is an extraordinary remedy "which should be exercised with caution...[and] invoked only in exceptional cases in which the evidence preponderates heavily against the verdict."  See United States v. Robertson, 110 F.3d 1113, 1120 n. 11 (5th Cir. 1997). "Where a court finds that a miscarriage of justice may have occurred at trial,...this is classified as such an "exceptional case"  as to warrant granting a new trial in the interests of justice."  Id.

An order granting a new trial is reviewed for abuse of discretion.  The grant of a motion for new trial is more closely scrutinized than a denial, and the grant of a new trial based on the weight of the evidence is more closely scrutinized than the grant of a new trial on other grounds.  See Butcher v. U.S., 368 F.3d 1290, 1297 (11th Cir. 2004).

The refusal to give an instruction is reviewed for abuse of discretion.   Generally, a refusal to give a requested instruction is an abuse of discretion if: 1) the instruction is correct; 2) the court did not address the substance of the instruction in its charge; and 3) the failure to give an instruction seriously impaired the defendant's ability to present an effective defense....A defendant is entitled to a specific instruction on his theory of defense, not an abstract or general one.  See United States v. Sirang, 70 F.3d 588 (11th Cir. 1995)(citations omitted).

Entrapment is an affirmative defense consisting of two elements: 1) government inducement of the crime and 2) lack of a predisposition to commit the crime on the part of the defendant.  United States v. Orisnord, 483 F.3d 1169, 1178 (11th Cir. 2007). Before the defense of entrapment may be presented to the jury, an evidentiary basis for the defense must exist, meaning the trial court must determine whether a jury could

2

Case No. 8:15-CR-476-T-17JSS

entertain a reasonable doubt as to whether the defendant was entrapped.  <u>United States v. Ryan</u>, 289 F.3d 1339, 1343 (11th Cir. 2002).   The defendant bears the initial burden of production as to government inducement, which he can meet by producing any evidence sufficient to raise a jury issue regarding whether the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.  <u>Orisnord</u>, 483 F.3d at 1178.

In meeting this initial burden, evidence of the government's mere suggestion of a crime or initiation of contact is not enough.  <u>United States v. Brown</u>, 43 F.3d 618, 623 (11th Cir. 1995).  Rather, "government inducement requires an element of persuasion or mild coercion[,]...opportunity plus something like excessive pressure or manipulation of a non-criminal motive."  <u>Id</u>.  The defendant may show persuasion or mild coercion by presenting evidence that he did not favorably receive the government plan and that the government had to push it on him or that several attempts to arrange an illicit deal had failed and that the defendant had directly refused to participate on at least one occasion.  <u>Orisnord</u>, 483 F.3d at 1178.  If the defendant meets the initial burden as to inducement, then the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the offense.  <u>Id</u>.

II.  Discussion

A.  Jury Instruction on Entrapment Defense

Defendant Chambliss argues that Defendant Chambliss made a timely request for an entrapment instruction, and although Defendant Chambliss met all the prerequisites for the requested instruction, the Court refused to instruct the jury on entrapment.

Case No. 8:15-CR-476-T-17JSS

The Government responds that there is no evidence of Government inducement. The CI testified that he only approached Defendant Chambliss after learning he had a gun for sale.  There was no evidence indicating that Defendant Chambliss did not want to possess or sell the gun, and Defendant Chambliss points to none.  The CI's recordings indicate that Defendant Chambliss was an active participant.  (See Trial Exhs. 11, 11A,   13, 13A (Defendant Chambliss ordering Rucker to deliver the gun that Defendant put in Rucker's clothes); 10, 10A, 12, 12A (Defendant Chambliss expressing frustration that Rucker had not arrived).

After consideration, the Court finds that Defendant Chambliss did not establish Government inducement and therefore the entrapment instruction was not warranted. The Court denies the Motion for New Trial as to this issue.

B.  Denial of Motion in Limine

In ruling on the Motion in Limine, the Court found:

After consideration, the Court finds that evidence that Defendant Chambliss seeks to exclude is intrinsic evidence outside the scope of Fed. R. Ev. 404(b); the evidence is necessary to complete the story of the crime, and is inextricably intertwined with the evidence of the charged offense.  A limiting instruction may be requested at trial to reduce any prejudice to Defendant Chambliss.  The Court denies Defendant Chambliss' First Motion in Limine.

Defendant Chambliss argues that the jury knew Defendant Chambliss was a felon, given the essential elements of a Sec. 922(g)(1) prosecution; the parties stipulated to Defendant's status as a felon at the start of the trial.  Defendant Chambliss argues that the testimony about drug transactions amounted to inadmissible propensity evidence and became the focus of the trial.

Case No. 8:15-CR-476-T-17JSS

The Government responds that at trial the Government offered evidence of the drug dealing to show why the CI was used in this case, what the undercover plan was and why it was feasible, why so many voices are heard on the CI's recording, and to tell a full, contextualized story of what happened in the home.  As to the Motion in Limine, the Government argued that, in light of the above reasons, Defendant Chambliss's drug dealing was intrinsic to the crime charged, and does not fall under Rule 404(b).

The Government further argues that the Eleventh Circuit has recognize that "drug offenses do not tend to incite a jury to an irrational decision," United States v. Delgado, 56 F.3d 1357, 1366 (11th Cir. 1995); any unfair prejudice Defendant Chambliss may have suffered under a Rule 403 weighing test is much less than what this Circuit has permitted and was further diminished by a limiting instruction.  (Dkt. 128, p. 18).

Defendant Chambliss has not made any argument that the Court did not consider and reject in ruling on the Motion in Limine.  After consideration, the Court denies the Motion for New Trial as to this issue.

C.  Government's Disclosure of CI Informant's Suitability Assessment

Defendant Chambliss argues that the Government's failure to provide timely disclosure of the CI's suitability assessment impeded Defendant's pretrial preparation and denied him a fair trial.  The suitability assessment revealed that the CI had received $10,000.00 from law enforcement for his work as an informant, including introductions of drug dealers to undercover officers, the CI's drug usage during the time of the offense, and the CI's prior status as a CI.  Defendant Chambliss argues that the impeachment of the CI, Hammond, would have been far more extensive if the assessment had been available before trial.  Defendant Chambliss argues that a new trial should be granted to ensure that Defendant Chambliss was not prejudiced by the late disclosure of the suitability assessment.  Prejudice occurs when "the discovery of

Case No. 8:15-CR-476-T-17JSS

evidence is delayed until the jury is sworn and a recess to enable the defendant to make whatever adjustments in his trial preparation and strategy may be necessary to meet the evidence could not mitigate the prejudicial effects of the delay. [citations omitted].  United States v. Euceda-Hernandez, 768 F.2d 1307, 1312 (11th Cir. 1985).

The Government responds that Defendant Chambliss has not met his burden of establishing a Brady or Giglio violation.

On the morning of November 30, 2016, the third day of trial, the Government produced ATF's file on the CI.  The next day, the Government produced the SSO's file on the CI.  Defendant Chambliss moved for a mistrial on the grounds that the timing of the production violated Brady (Dkt. 123).  The Court denied the motion.

To successfully make a claim under Brady, a defendant must show that:

1.    The government possessed evidence favorable to the defendant, including impeachment evidence;

2.    The defendant does not possess the evidence, nor could he obtain it himself with any reasonable diligence;

3.    The government suppressed the favorable evidence; and

4.    Had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.

United States v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001)(quotation marks, alterations, and citation omitted).

"[W]hen Brady is invoked to obtain information not favorable on the issue of guilt or innocence but useful for attacking the credibility of a prosecution witness, the information withheld must have a definite impact on the credibility of an important

6

Case No. 8:15-CR-476-T-17JSS

prosecution witness in order for the nondisclosure to require reversal."  See Calley v. Callaway, 519 F.2d 184, 221 (5th Cir. 1975); United States v. Pitt, 717 F.2d 1334, 1339 (11th Cir. 1983)(citing Calley's standard).

The Government argues that the Government disclosed the information about the CI receiving more than $10,000.00 from law enforcement, the CI's drug use, and the CI's history of working with law enforcement as a CI multiple times to Defendant.  The information was disclosed in a letter in March, 2016.  (Exhs. 1, 1A, 1B).  Although the information was sent to Defendant Chambliss's previous counsel, Defendant's counsel represented in May, 2016 that he had received the discovery from defense counsel. (Dkt. 55).  In August, 2016, the Government reproduced discovery, which would have included the schedule of payments to the CI and his NCIC.   (Exhs. 4, 5).

On November 22, 2016, the Government represented in a letter to defense counsel that the CI "is a user of and addicted to illegal drugs (including, but not limited to, prescription opiates and non-prescription opiates, like heroin, marijuana, powder and crack cocaine, and methamphetamine) and was so around the important dates in this case, including the dates he will be testifying about." (Exh. 2).  The Government forwarded the March 2016 letter the next day.

The Government argues that Defendant Chambliss cannot establish prejudice. At trial, defense counsel impeached the witness with the information Defendant claims was in the CI files, including the $10,000.00 from numerous past CI-jobs and the witness's substantial drug use.

The Government further argues that the witness was impeached with his numerous prior convictions, and with all the impeachment material that Defendant Chambliss used, it is unlikely that any hypothetical additional impeachment would have

Case No. 8:15-CR-476-T-17JSS

made any difference.

The Government further argues that Defendant Chambliss cannot establish prejudice because Defendant did not ask for a recess based on the timing of the production.  See United States v. Kubiak, 704 F.2d 1545, 1552 (11th Cir. 1983); United States v. Ellis, 593 F. App'x 852, 859-60 (11th Cir. 2014); United States v. Rivera, 944 F.2d 1563, 1566 (11th Cir. 1991).

After consideration, the Court finds that Defendant Chambliss has not established a Brady or Giglio violation.  The Court denies the Motion for New Trial as to this issue.   Accordingly, it is

**ORDERED** that Defendant Ernest L. Chambliss's Motion for New Trial (Dkt. 138) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 16th day of March, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record